IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02663-BNB

MICHAEL BACOTE JR.,

      Applicant,

v.

DAVID BERKEBILE,

      Respondent.

---

## ORDER OF DISMISSAL

---

      Applicant, Michael Bacote, is a prisoner in the custody of the United States

Bureau of Prisons (BOP) at the Untied States Penitentiary in Florence, Colorado.  Mr.

Bacote initiated this action by filing *pro se* an Application for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241.

      On December 3, 2013, Magistrate Judge Boyd N. Boland entered an order

directing Respondent to file a preliminary response limited to addressing the affirmative

defense of exhaustion of administrative remedies if Respondent intended to raise that

defense in this action.  On December 11, 2013, Applicant filed an Amended Application.

Magistrate Judge Boland then entered a Second Order to File Preliminary Response

and directed Respondent to address in their Response the additional claims that

Applicant raised in the December 11 pleading.  Respondent filed a Preliminary

Response on December 16, 2013.  Applicant filed a Motion for Appointment of Counsel

on January 7, 2014.  Magistrate Judge Boland denied the Motion for Appointment

finding the issues are not so complex that Applicant is unable to reply to the Preliminary

Response.  Applicant was given an additional thirty days to reply.  Applicant failed to

reply within the time allowed.

The Court must construe liberally Mr. Bacote's filings because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the Court will deny the Application and dismiss the action.

Mr. Bacote asserts his due process rights have been violated because he was

denied a mental health evaluation that is required pursuant to 28 C.F.R. § 541.6 and

BOP Program Statement 5070.12.  Mr. Bacote further asserts that he has not

exhausted this claim because he is mentally retarded and mentally ill and only when

other inmates are available to assist him is he able to exhaust his administrative

remedies.  In a separate Affidavit, Mr. Bacote states that he suffered from a severe

mental disease on each day that he received an incident report and a psychologist did

not conduct a competency evaluation for any of the incident reports.  *See* ECF No. 3 at

3.  Also in ECF No. 3, Mr. Bacote attached a forty-three page Chronological Disciplinary

Record that lists 153 disciplinary incidents that have been filed against Mr. Bacote since

1999.  *Id.* at 6-49.  Mr. Bacote seeks expungement of all reports, restoration of an

appropriate custody level and earned time, and a transfer to a federal medical center.

Mr. Bacote filed a previous 28 U.S.C. § 2241 action that challenged forty-three

2

disciplinary incidents for the same reason he raises in this action. *See Bacote v. Berkebile*, No. 13-cv-01793-LTB (D. Colo. Oct. 23, 2013).  The previous § 2241 action was dismissed for failure to exhaust administrative remedies.  The Court found that Mr. Bacote was able to file forty-seven requests for administrative remedies from April 23, 2002, to July 31, 2013, but only one of the requests challenged a disciplinary proceeding and that request was not exhausted; and there was no evidence that the lack of medication or Mr. Bacote's mental health issues precluded him from exhausting his administrative remedies in each of his disciplinary proceedings.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).  A "narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza*, 596 F.3d at 1203.  Furthermore, the exhaustion requirement may be excused where the deficiency in exhaustion is caused by prison officials' acts of preventing, thwarting, or hindering prisoner's efforts.  *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (applying Prison Litigation and Reform Act (PLRA), 42 U.S.C. § 1997e(a)).  A prisoner, however, may not exhaust "administrative remedies by, in essence, failing to employ them." *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th

Cir. 2002).

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Bacote. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

Where a determination is made by a Discipline Hearing Officer ("DHO"), the inmate may skip the initial appeal to the warden and appeal the DHO's decision directly to the Regional Director. 28 C.F.R. § 542.14(d)(2). As stated above, the step after the Regional Director is a final appeal to the Central Office. 28 C.F.R. § 542.15(a).

The administrative remedy records submitted by Respondent, the same as Respondent filed in Case No. 13-cv-01793-LTB, demonstrate that Mr. Bacote exhausted twenty of the forty-seven administrative remedies requests by appealing to the national level, nineteen of which were exhausted between 2011 and 2013. Preliminary Resp., ECF NO. 21-1, Attach. 2 (SENTRY Administrative Remedy Index). The Court also notes that only one of the requests for administrative remedies, Remedy No. 649792-F1, challenged a disciplinary hearing. *Id.* at 4. The Remedy Index, however, does not indicate the incident report associated with Remedy No. 649792; but

4

even if the incident report was identified, the issue raised in Remedy No. 649792 is not one of the issues Mr. Bacote raises in this Application.  Furthermore, Mr. Bacote did not exhaust Remedy No. 649792.

For the following reasons, there is no evidence that the lack of medication and Mr. Bacote's mental health issues in general preclude him from exhausting his administrative remedies in each of the listed disciplinary incidents.  In the Application, Mr. Bacote asserts his mental health issues claims proficiently and articulates that the BOP staff failed to conduct a mental health evaluation pursuant to 28 C.F.R. § 541.6 and to BOP Program Statement No. 5070.12.  He also appears to have correctly responded to the Court's order to cure deficiencies and indicates his ability at this time to challenge his disciplinary proceedings.  If Mr. Bacote is capable of challenging the lack of mental health evaluations in this action he is capable of exhausting his administrative remedies.  In accordance with the Tenth Circuit's findings in *Pinson v. Berkebile*, 528 F. App'x 822, 827 (10th Cir. June 21, 2013), nothing precludes Mr. Bacote from exhausting his remedies at this time.

To summarize, Mr. Bacote has not completed the BOP's formal administrative remedy program for any remedies related to the subject matter of the instant application, and he has failed to demonstrate that the BOP hindered his efforts to exhaust administrative remedies, or any attempt to exhaust would have been or is now futile, so as to excuse the exhaustion requirement.  Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status

will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Bacote files a notice of appeal he also must pay the full $505 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 is DENIED, and the action is DISMISSED WITHOUT PREJUDICE, for

failure to exhaust administrative remedies.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this  4th  day of   March  , 2014.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court